**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4747**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RODNEY PETERS, a/k/a Rocco, a/k/a Rodney Strokes,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:11-cr-00003-JFM-27)

———————

Submitted:  April 4, 2013          Decided:  April 10, 2013

———————

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joseph M. Owens, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Ayn B. Ducao, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Peters pled guilty to one count of conspiracy to possess with intent to distribute one kilogram or more of heroin within 1000 feet of real property comprising of a public housing authority or a public school, in violation of 21 U.S.C. §§ 846, 860 (2006). On appeal, Peters contends his counsel was ineffective for not fully conveying to him the terms of the Government's first plea offer. Because the record does not conclusively show that counsel was ineffective, we will not review the claim. Accordingly, we affirm.

The Sixth Amendment right to counsel during criminal proceedings extends to the plea bargaining process. Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012). Criminal defendants are entitled to effective assistance of counsel during that process. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). In order to succeed in this case, Peters must show that counsel's performance was deficient and that there is a reasonable probability that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

Claims of ineffective assistance of counsel are normally presented to the court by way of a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. Such claims are cognizable on direct appeal only when it conclusively appears on the record that defense counsel did not provide effective assistance. United

2

States v. Powell, 680 F.3d 350, 359 (4th Cir.), cert. denied, 133 S. Ct. 376 (2012).

The record shows that Peters and counsel disagreed on key points. Peters contends he accepted the Government's first plea offer while counsel contends Peters rejected the offer. Peters claims counsel told him the Government will give him a better plea offer as it gets closer to trial. Counsel denies telling Peters that and contends he told Peters the opposite.

Clearly, this is a case where the record could be expanded. Without a full record it is impossible to make a conclusive finding regarding counsel's conduct. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Accordingly, because the record does not conclusively show that counsel was ineffective, we will not review this claim at this time and will affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED